## COOPER v. PHILLIPS.

### Opinion delivered March 19, 1923.

1. EJECTMENT—LEGAL TITLE.—Where the owner of land executed a trust deed to secure a debt, and thereafter executed a warranty deed to another, and subsequently executed a warranty deed to the creditor whose debt was secured by the trust deed in satisfaction of the debt, *held* that the legal title was in the grantee in the first warranty deed.

2. MORTGAGES—TITLE OF TRUSTEE AFTER SATISFACTION.—While a trustee under a deed of trust may, after breach of condition and before satisfaction, bring ejectment for the land, yet where the creditor for whose benefit a trust deed was made has accepted a warranty deed in satisfaction thereof, the trustee cannot thereafter maintain an action for possession of the land, though the person in possession holds under a warranty deed executed after the deed of trust but before the warranty deed accepted by the creditor.

Appeal from Columbia Circuit Court; *C. W. Smith,* Judge; reversed.

*Henry Stevens,* for appellant.

Court erred in permitting plaintiff, who alleged he was entitled to possession of lands, to amend by making trustee in the trust deed a party plaintiff, amendment being tantamount to a new suit. *State v. Rottaken,* 34 Ark. 157; *Grace v. Neel,* 41 Ark. 165; *Hopkins v. Harper,* 46 Ark. 251; *Railway Co. v. State,* 56 Ark. 155; *Schiels v. Dillard,* 94 Ark. 277; *Coleman v. Floyd,* 105 Ark. 300. Mortgage apparently barred by statute of limitations not admissible in evidence, same as unrecorded instrument. *Morgan v. Kendricks,* 91 Ark. 398; *Hill v. Gregory,* 64 Ark. 318. Peremptory instruction for plaintiff should not have been given.

*McKay & Smith,* for appellee.

An ejectment suit is a possessory action, and only the right to possession of the lands is involved. *Richie v. Johnson,* 50 Ark. 551; *Hill v. Plunkett,* 41 Ark. 65. Legal title to lands was in trustee in deed of trust, and only equitable title in mortgager. *Danenhauer v. Dawson,* 65 Ark. 129; *Turman v. Sanford,* 69 Ark. 95;

*Trapnall* v. *State Bank,* 18 Ark. 53; *Perry County Bank* v. *Rankin,* 73 Ark. 589; *Foreman* v. *Halloway,* 122 Ark. 341; *Crittenden* v. *Johnson,* 11 Ark. 94; *Pope Heirs* v. *Boyd,* 22 Ark. 535;. Mortgagor's deed conveying the lands to appellant, the mortgage being of record and the debt unpaid, only passed her equity of redemption. *Peuncell* v. *Gann,* 113 Ark. 332. When the mortgagee failed to pay overdue mortgage debt, the plaintiff and the trustee had the right to possession and could maintain ejectment against mortgagee. *Fitzgerald* v. *Beebe,* 7 Ark. 310. Owner of equity of redemption can't bring ejectment against mortgagee in possession after condition broken. *Cohn* v. *Hoffman,* 45 Ark. 376. Where equity of redemption conveyed to mortgagee, estates do not merge. 12 Cyc. 1381.

*Henry Stevens,* in reply.

Complaint shows Frank Phillips not in possession when suit was brought, and the testimony that he had never been. Cases cited by appellee in 7 and 45 Ark. not applicable. Neither is citation 27 Cyc., 1381. 27 Cyc., 1402, is controlling, the equity of redemption having been conveyed to the mortgagee in satisfaction of mortgage debt, and the trustee thereby eliminated.

McCulloch, C. J. Appellee instituted this action at law against appellant to recover possession of a tract of farm land in Columbia County. Both parties claim title from a common source, and the facts, as they appear from the pleadings and proof, are undisputed.

The land in controversy was originally owned by Lizzie Rowe, who, on May 22, 1916, conveyed it by deed of trust to R. K. Mason, as trustee, to secure a debt to appellee in the sum of $360, evidenced by a promissory note of that date, due and payable on January 1, 1917, with interest.

Lizzie Rowe conveyed the land to appellant by warranty deed dated September 27, 1918, for a price, part of which was paid at the time of the conveyance and the remainder was to be subsequently paid. On January 26,

1920, Lizzie Rowe executed to appellee a warranty deed purporting to convey the land in controversy to appellee in satisfaction of the said mortgage debt to appellee and the further sum of $150, paid at the time of the conveyance, and appellant took possession of the land under his conveyance from Lizzie Rowe, and this action was instituted against him by appellee in November, 1920. Subsequently R. K. Mason, the trustee in the deed executed by Lizzie Rowe in May, 1916, was, on motion of appellee, joined as a plaintiff in the action. This was done over appellant's objection.

The complaint of appellee alleged that the conveyance of Lizzie Rowe to him on January 26, 1920, "was made and executed in settlement of the indebtedness shown by said deed of trust hereinbefore referred to." Upon the facts shown, the court gave a peremptory instruction in favor of appellee.

We are of the opinion that, without discussing the question of the correctness of the court's ruling in permitting Mason, the trustee, to be made a party, the court erred in deciding in favor of appellee, and that the decision, upon the undisputed facts, should have been in favor of appellant. Appellee is not the legal owner of the land, and never has been such owner. The legal title did not pass to him, either under the deed of trust or under the warranty deed subsequently executed to him by Lizzie Rowe, and he could not maintain the action for possession. The defeasible legal title passed under the deed of trust to Mason, the trustee, and not to appellee as the beneficiary under the deed. At the time of the execution of the warranty deed by Lizzie Rowe to appellee in settlement of the mortgage debt, the legal title had passed from Lizzie Rowe to appellant under her prior deed executed to appellant. It is contended, however, by counsel for appellee that the trustee was properly made a party and that, notwithstanding the conveyance of the land by Lizzie Rowe to appellant, an action could be maintained by the trustee to recover possession for the purpose of

taking the rents and profits to apply on the mortgage debt or for the purpose of foreclosing under the power contained in the deed. It is correct to say that a trustee in a deed of trust can, after a breach of the conditions and before the satisfaction of the mortgage, maintain an action at law for the possession of the land. *Reynolds v. Canal & Banking Co.*, 30 Ark. 520; *Danenhauer* v. *Dawson*, 65 Ark. 129. The answer to this contention is that, according to the allegations of appellee's complaint and his own statement of the facts in his testimony, the debt secured by the deed of trust had been settled, and the defeasible legal title, which had passed to the trustee by the terms of the deed, had been thus defeated. There was no right of action remaining in the trustee under the terms of the satisfied deed of trust. Appellee has therefore neither alleged nor proved a right of action, either legal or equitable. If there is any relief from the effect of the acceptance by appellee of the warranty deed from Lizzie Rowe in satisfaction of the mortgage, sufficient facts are not stated in the complaint to entitle him to that relief.

The judgment of the circuit court is therefore reversed, and the cause is remanded with directions to enter a judgment in favor of appellant.