PFEIFFER *v.* MISSOURI STATE LIFE INSURANCE COMPANY.

Opinion delivered July 9, 1928.

*Morris & Barron,* for appellant.

*Allen May* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

MEHAFFY, J. Appellee and M. E. Singleton, trustee, filed suit in the Lonoke Chancery Court against appellant and others for $40,000. S. C. Pfeiffer and Angie M. Pfeiffer had executed promissory notes for the above amount, and, to secure the payment of said notes, the makers of said notes had executed a mortgage. Appellee asked judgment against S. C. Pfeiffer and Angie M. Pfeiffer in the sum of $39,056.13 and interest, and asked that said judgment be declared a first lien on the property described in the mortgage, and, if said judgment was not paid in a short time, to be fixed by the court, that the property be sold, etc.

S. C. Pfeiffer died before the trial, and the suit was revived against Will S. Pfeiffer, administrator. The administrator and Angie M. Pfeiffer sought to set-off against the mortgage debt the amount they alleged to be due the estate from the insurance company on a policy on the life of S. C. Pfeiffer, deceased. Angie M. Pfeiffer filed no separate answer. The trial court held that the policy had lapsed, and that there was therefore nothing due on the policy. Counsel for the insurance company prepared a decree of foreclosure, which contained a provision for personal judgment against Angie M. Pfeiffer, but this decree was not approved by the attorneys for Mrs. Pfeiffer, because it contained a provision for personal judgment against her. The attorney for Mrs. Pfeiffer wrote and mailed to the attorney for the insurance company the following letter:

"June 2, 1926.

"Hon. G. B. Rose, Attorney,
"Care of Rose, Hemingway, Cantrell & Loughborough,
"Little Rock, Arkansas.
"Re: Missouri State Life v. Pfeiffer.

"Dear Judge: I am returning precedent for the decree in the above entitled case unapproved, because it provides for a judgment against the administrator and Mrs. Angie M. Pfeiffer. The complaint, in my opinion, does not justify a judgment against the administrator, because it is not supported by the statutory affidavit.

"I did not think your client insisted on a judgment against Mrs. Pfeiffer. This question was not raised, but I took it as a matter of course, since your client paid her one insurance policy without mentioning her indebtedness to it, that no contention would be made for a judgment against her. I do not think there is any doubt but what she signed the mortgage and notes for the purpose of releasing her dower and homestead interest.

"Mrs. Pfeiffer has some little property, probably $3,000 or $4,000, which she received on insurance which Mr. Pfeiffer carried on his life. Your client could, if it desired, deprive her of what little her husband left her. However I am sure that neither you nor your client intended to take an advantage of her by providing for a judgment against her in the decree.

"If you will modify the precedent to the extent as suggested herein, I will approve it.

"Very truly yours,

"GEM:HN"

The attorney for Mrs. Pfeiffer received from the attorney for the insurance company, in reply, the following letter:

"Little Rock, Arkansas, June 7, 1926.
"Mr. Geo. E. Morris,
"England, Arkansas.

"Re: Missouri Life v. Pfeiffer.

"Dear sir: The plaintiff has consented to the change in the decree suggested by you. We inclose the original, prepared in St. Louis, with the alteration, and a clean copy of it, so that you may compare the two and find that it is correctly copied. Please O. K. the copy and return it to us, and we will get Judge White to order it to be entered.

"You can fix the time that is to elapse before advertising at any period not exceeding sixty days. We observe that it is 20 days in the decree, and you may want a longer time. Please insert the allowance in the blanks.

"Very truly yours,

"Rose, Hemingway & Loughborough,

"GBR:E                    G.B.R."

The complaint filed by the insurance company was made an exhibit to the testimony of G. E. Morris, attorney for Mrs. Pfeiffer, which showed that a personal judgment against Mrs. Pfeiffer was asked in the foreclosure suit. After the agreement of the attorneys, a decree was entered foreclosing the lien, and no judgment was entered against Mrs. Pfeiffer. An appeal was taken from that part of the decree disallowing a set-off against the mortgage debt of the amount alleged to be due on insurance policy. The opinion on this question is reported in 174 Ark. 783, 297 S. W. 847. Before the case was decided in this court, the land was sold under the decree of the chancery court, and the insurance company was required to pay the amount due on insurance policy to the administrator. The lands, having been sold, could not be returned.

In October, 1927, appellee and others filed in the chancery court a supplemental complaint, alleging a deficiency, the lands not having been sold for enough to pay the mortgage debt. They asked judgment against Mrs. Pfeiffer for the deficiency, $8,826.47, alleging that she signed the notes and mortgage and therefore became liable for the amount. The insurance company asked that her one-third of the insurance collected be applied to the payment of the indebtedness.

It is the contention of appellant that the matter sought to be litigated in this suit was litigated or could have been litigated in the former trial, and is therefore *res judicata*. The appellee, however, contends that our statute, § 6242 of Crawford & Moses' Digest, is purely permissive, and does not exclude the ancient practice of first selling the property and then asking for a deficiency judgment, and argues that the right to such a judgment has been upheld at least twice by this court, and cites the case of *Birnie* v. *Main,* 29 Ark. 591, and *Bank of Eudora* v. *Ross,* 168 Ark. 755, 271 S. W. 703. These cases hold that the mortgagee is entitled to have a personal judgment in the first instance. To the same effect is the holding in the case of *McCormick* v. *Daggett,* 162 Ark. 16, 257 S. W. 358.

Whether appellee was entitled to select either remedy or to choose which remedy it would adopt, is unimportant in this case. It did adopt the statutory method of procedure, and, having done this, it could have litigated the question of appellant's liability in that suit, if in fact it did not do so. The complaint in the original suit asked for a personal judgment against appellant. It was, under the pleadings, entitled to a personal judgment against her. Her attorney refused to agree to the decree for a judgment against her, and appellee's attorney thereupon agreed to take a decree of foreclosure without taking any personal judgment against appellant. The letters of attorneys, set out above, do not indicate an agreement merely to postpone taking judgment against her, but they indicate an agreement to waive the right to judgment against her. The appellant would not agree to a judgment against herself. What steps she would have taken or what course she would have pursued if the agreement had not been made, is not disclosed. She might have resisted the foreclosure, or she might have appealed, or she might have procured bidders for the property at the foreclosure sale in order to protect herself. At any rate, it was an agreement the parties had a right to make. *Birnie* v. *Main,* 29 Ark. 591.

"By agreement of the parties, a foreclosure may amount to a full satisfaction of the mortgage debt, without regard to the value of the property. In a suit to cancel a judgment rendered for the balance of a debt after foreclosure of a mortgage, the mortgagor alleged an agreement that he should turn over the land to the mortgagee in full payment, but that, being unable to make a good title because of pending suits against him, an amicable foreclosure was had, and the judgment for the excess was left unsatisfied, by neglect or oversight. It was held that, the evidence being doubtful on this point, the fact that no attempt to enforce the judgment was made for seventeen years would turn the scale in the mortgagor's favor. The agreement to give up without contest all the land covered by the mortgage, in satisfac-

tion of the debt, was a good and sufficient consideration for the agreement to release the mortgagor from personal liability." Jones on Mortgages, vol. 2 (Eighth edition), § 1214; *United States Savings Bank* v. *Pittman,* 80 Fla. 423, 86 So. 567, 19 R. C. L. 669; *Cooper* v. *Phillips,* 157 Ark. 525, 249 S. W. 12.

We think the agreement between the parties constituted a waiver of the right to a personal judgment against Mrs. Pfeiffer. Appellee was entitled to have the question of personal liability of Mrs. Pfeiffer settled in the original suit, and, if it were not settled by the agreement, it was an issue in the case, and could have been settled, and it is therefore *res judicata. McDaniel* v. *Richards,* 141 Ark. 453, 217 S. W. 478; *Gaither* v. *Campbell,* 94 Ark. 529, 126 S. W. 1061; *Taylor* v. *Taylor,* 153 Ark. 206, 240 S. W. 6.

The conclusion we have reached makes it unnecessary to discuss the other question discussed by counsel.

The decree on cross-appeal will be affirmed, and the decree on appeal will be reversed, and the case remanded with directions to dismiss. It is so ordered.