## FRANZEN *v.* JUHL.

Opinion delivered November 10, 1930.

*Ingram & Moher,* for appellant.
*John W. Moncrief* and *A. G. Meehan,* for appellee.

MEHAFFY, J. Suit was begun by appellant in the Arkansas Chancery Court, Northern District, against appellees to foreclose a mortgage on the northwest quarter of section 21, township 3 south, range 5 west, in Arkansas County. On March 2, 1925, there was a decree for $13,-988.24 and for the foreclosure of the mortgage and sale of above-described land. On April 24, 1929, the appellee, Fred H. L. Juhl, was adjudged a bankrupt, and the above-described property was included in his schedule. The appellant, A. W. Franzen, filed an intervention in the district court of the United States. The court granted the prayer of appellant and ordered the trustee in bankruptcy to deliver possession of above-described property to the commissioner named in the decree of the Arkansas County Chancery Court for the purpose of selling same under the terms of said decree. On July 24, 1929, the commissioner sold said land to appellant for $6,000, after having advertised the same as provided in the decree. At the next term of court, appellees filed the following exceptions to the report of sale and the confirmation.

"Comes the above-named defendants and for their exceptions to the sale, the report of sale and the confirmation of sale in the above-styled cause of action state:

"That on the 2d day of March, 1925, a decree was rendered in the above-styled cause by the terms of which judgment was given against said defendants in the sum of thirteen thousand, nine hundred eighty-eight and 24/100 dollars ($13,988.24). That thereafter, and before any sale was had under said decree, the plaintiff promised and agreed to dismiss said foreclosure proceedings under which said decree was rendered and vacate said decree in the event of the payment of a certain part of the indebtedness evidenced by said decree. That the defendants arranged to pay and did pay to the plaintiff the amount of money necessary to comply with this arrangement, and upon the payment of the same were assured by the plaintiff and his representatives that said decree

would be vacated and have believed since said time that said decree was vacated. That since the time of the making of payment upon said decree as referred to the defendants have made other large payments upon said indebtedness.

"That without notice to the defendants the plaintiff had the lands described in the mortgage foreclosed in said decree advertised for sale and sold during the month of July, 1929. That this sale was made by Duce Pike as commissioner. That no credit is shown upon the decree originally entered nor is any order made vacating the same. That the sale of said lands as made in this proceeding was in complete violation of the agreement made by the plaintiff with the defendants whereby a payment of several thousand dollars was obtained by the plaintiff from the defendants. That said payment and subsequent payments were never indorsed upon said decree, and that when said sale was made by the commissioner the same was advertised to be sold for the full amount of the decree without crediting said payments.

"That such advertisement and such sale, if otherwise valid, should be set aside because of the grave injustice done to these defendants by the misrepresentation of the correct indebtedness owing upon said lands.

"Wherefore, defendants pray that the sale referred to be set aside and the decree referred to be vacated;

"As alternative relief defendants pray that the said sale be set aside and the credits to which these defendants are properly entitled be made upon said decree prior to any advertisement or resale of same;

"That the costs of the sale heretofore erroneously held be chargeable against the plaintiff and not chargeable as costs of this action; for all other relief proper in law and equity."

Thereupon the appellant filed motion to strike the exceptions as follows:

"Comes now the plaintiff and moves the court to strike the exceptions to the report of sale filed by the defendant, Fred Juhl, and for cause says:

"That, after the decree of foreclosure herein and before the sale by the commissioner, the defendant, Fred Juhl, was adjudged a bankrupt by the United States District Court, for the Western Division of the Eastern District of Arkansas, and has never been discharged.

"That E. H. Noble was elected or appointed as trustee in said bankruptcy proceedings, and duly qualified as such and was such trustee at the time said Juhl filed said exceptions.

"That he intervened in said bankruptcy matter and set up his decree of foreclosure and prayed said court for an order permitting said sale, which prayer said court granted.

"Plaintiff says that said Juhl had no right or interest in said land, and, if so, same passed to said trustee.

"Wherefore, plaintiff prays that said exceptions be stricken from the files and said report be confirmed and for all other relief."

On the same day the appellees filed the following response:

"That he was adjudged a bankrupt on the ................ day of ................................., 1929, and further states that he has never been discharged from said bankruptcy.

"That the lands involved in the foreclosure proceedings of which this motion is part of the pleadings, is land upon which this defendant is now living and has lived for several years. That said land is impressed with the right of homestead in this defendant, and that as such he is entitled to and has an interest which did not pass to the trustee appointed in said bankruptcy proceedings.

"Wherefore, this defendant prays that the motion to which this response is offered be overruled."

The court overruled appellant's motion to strike exceptions and the appellees filed the following amendment to exceptions:

"On or about March 26, 1925, the following letter was received by F. H. L. Juhl:

" 'Mr. F. H. L. Juhl,

" 'Stuttgart, Arkansas.

" 'Dear Sir: In connection with the foreclosure suit against you instituted by A. W. Franzen at the last term of court; this is to advise you that when the $3,000 is applied to your credit out of the loan of $6,500 being made to your father, Hy. Juhl, together with the payment of note for $404 on which judgment was taken and all taxes due for the year 1925, payable on or before April 10, 1925, and all costs such as abstracter's bill and examination of title, the recording charges and $500 paid to Power Mfg. Co., then the suit above mentioned will be dismissed without prejudice. I am,

" 'Yours very truly,

" 'A. W. Franzen,

" 'By C. G. Rodgers.'

"That the said Rodgers, the signer of the above letter, was agent and representative of A. W. Franzen at the time at which said letter was written.

"That on March 25, 1925, the sum of three thousand dollars ($3,000) was paid to A. W. Franzen out of a loan made to Henry Juhl father of Fred Juhl and at the same time taxes upon the F. H. Juhl land for the year were paid in the sum of four hundred fifty-two and 71/100 dollars ($452.71) and the sum of five hundred ($500) dollars was paid to Power Manufacturing Company. Also at the same time a judgment of four hundred forty-four and 24/100 dollars ($444.24) was paid to the said A. W. Franzen.

"Also sometime during the year 1927 C. A. Franzen, representative of A. W. Franzen, contracted with F. H. L. Juhl as follows:

" 'Mr. F. H. Juhl,

" 'Stuttgart, Arkansas.

" 'Dear Sir: If you will pay over to me one-fourth of all the proceeds of your 1927 rice crop and one-fourth of all of the proceeds of the rice crops grown in subsequent years, each of said crops to be not less than one hundred acres, to apply on the principal of the decree of

$10,000 and out of the other three-fourths and all other crops keep up the interest payments and all taxes and improvements, I am willing to carry the decree covering the northwest quarter of section 21, township 3 south, range 5 west, for a period of five years at an interest rate of six per cent. per annum, payable annually on the amounts due on the principal from year to year.

" '(Signed)    C. A. Franzen.

" 'Accepted, Fred H. L. Juhl.'

"That, since the time of the taking of the decree in the above-styled cause of action, continuous dealings have been engaged in between F. H. L. Juhl and A. W. Franzen, and that during this period of time the said F. H. L. Juhl has paid to A. W. Franzen many thousands of dollars, part of which should have been credited against the amount set forth in the judgment and other parts of which were applied against current advances made to the said F. H. L. Juhl.

"That on April 28, 1925, F. H. L. Juhl paid the sum of $500.

On March 31, 1927, paid $281.28.

December 24, 1926, paid $181.59.

November 10, 1926, paid $565.41.

February 11, 1928, paid $1,314.23.

March 12, 1926, paid $1,622.65.

March 12, 1926, paid $811.17.

March 12, 1926, paid $139.71.

"The above mentioned payments represent only a small part of the moneys paid by the said F. H. L. Juhl to A. W. Franzen since the taking of said decree.

"That the moneys paid by the said F. H. L. Juhl to A. W. Franzen during the period of time elapsing between the decree and the sale of said land were paid out of the proceeds of rice crops and these remittances to A. W. Franzen were applied by him, at his discretion, against current obligations or against the obligation set forth in the decree. That the said F. H. L. Juhl has no records from which a correct determination of the use to which said funds were placed can be determined, and

the said A. W. Franzen and his representatives are the only persons from whom exact information as to the amount paid and the application of it can be obtained.

"That the agreement contained in the second letter herein quoted provided that no sale would be held under said decree for a period of five years from the date of said letter in the event one-fourth of the rice crops were annually paid to A. W. Franzen. That this condition has also been met by the said F. H. L. Juhl.

"Wherefore, petitioner prays that the said sale be set aside, and the said foreclosure proceedings herein be dismissed and the decree under which said sale was held be dismissed.

"That the plaintiff be required to furnish full and complete information showing the amount of all remittances received by him from Fred H. L. Juhl or for the account of Fred H. L. Juhl out of the one-fourth of the rice crop raised upon the lands sought to be foreclosed in this proceeding. That the plaintiff be required to pay all costs herein expended."

On March 30, 1930, the court sustained the amended exceptions and set aside the sale and also the foreclosure decree.

This appeal is prosecuted to reverse the orders and decree of the chancery court. It is insisted that the decree should be reversed because the title to the property was in the trustee in bankruptcy. It is true that appellee, when he filed his petition in bankruptcy, included this property in his schedule but on the petition of appellant the district court of the United States made an order directing the trustee in bankruptcy to deliver possession of said property to the commissioner named in the decree for the purpose of selling same under the terms of the decree, and possession was accordingly delivered and the property sold by the commissioner under the terms of the decree. The price for which it sold was less than half the amount in the decree.

There is no question of fraud involved, and the mortgage was a valid lien. The only interest the trustee in

bankruptcy could possibly have would be whatever value there was of the property in excess of the valid lien in favor of the mortgagee. It is not disputed that the lien exceeded the amount for which the property could be sold. Therefore the trustee had no interest. The United States District Court doubtless ascertained the facts before making the order. "The trustee takes title to property of the bankrupt which is mortgaged or otherwise incumbered, subject of course to the lien thereon." 7 C. J. p. 116, *et seq.* The Arkansas Chancery Court having obtained possession of the property more than four months before the petition in bankruptcy, its jurisdiction was not affected by subsequent proceedings in bankruptcy. 7 C. J. p. 33.

It is next contended that the decree could not be vacated after the term of court at which it was rendered. The section of the digest cited has no application here. If the parties made a valid agreement, it could be enforced or carried out by the court. The record shows without dispute that the appellee was insolvent; that the appellant could collect nothing from appellee except the value of the property mortgaged; that appellee procured a sum of money from his father which he paid to appellant under the agreement, and that he paid to appellant other large sums of money. None of this money could have been collected by appellant without the agreement. Moreover, the appellee did not ask to be relieved from the payment of the debt, but it was agreed that the cause should be dismissed without prejudice. This would permit another suit to be brought by appellant. This agreement between the parties was one they had a right to enter into, and is therefore binding on the parties. *Pfeifer* v. *Mo. State Life Ins. Co.*, 177 Ark. 1013, 8 S. W. (2d) 505.

The decree of the chancery court is affirmed.