SEAPORCEL METALS, INC. *vs.* EDMUND CICCONE.

DECEMBER 9, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

32

Frost, J. This is an action of assumpsit to recover a sum of money allegedly due the plaintiff for labor and materials furnished to the defendant. A writ of attachment was issued which was served upon Professional Realty, Inc. as trustee of the defendant and upon the defendant. After a hearing on the plaintiff's motion to charge the garnishee, Professional Realty, Inc., the trial justice denied the motion and discharged the garnishee. Exception to the trial justice's decision was taken and this exception, the only one in the plaintiff's bill of exceptions, is now before us.

A brief statement of the travel of the case is essential to an understanding of the decision. The case was tried before a justice of the superior court without the intervention of a jury and a decision was given on December 7, 1959 for the plaintiff for $2,846. There being no motion for a new trial nor notice of a bill of exceptions to this court, judgment on the decision was entered on December 14 as of December 7 for $2,846 and costs. General laws 1956, §9-21-1.

On January 13 and 14, 1960 plaintiff's motion to charge the garnishee was heard and on March 25, 1960 was denied. By plaintiff's bill of exceptions, as stated by plaintiff, three questions are raised which are as follows: "1. In view of the provisions of section 9-21-1 of the General Laws, was the entry of the judgment against the defendant on December 14, 1959, valid? 2. Assuming that the judgment was validly entered under section 9-21-1 of the General Laws, should it not have been vacated so as to permit the charging of the garnishee? 3. Should not the rule that a garnishee must be charged before entry of judgment against the defendant be discarded as unsound?"

Addressing ourselves to the first ground, plaintiff states that two motions had been filed, either of which should have

operated as a stay of entry of judgment. A "Motion To Charge Garnishee And Order Of Notice" was filed November 16, 1959 prior to the decision given on December 7, 1959. This motion requested that the garnishee be charged to the amount of $3,000, the ad damnum named in the writ, and that the motion be heard on December 1, 1959. Attached to the motion was an order of notice to be given to the resident attorney for service of process for the corporation (Professional Realty, Inc., the garnishee) and also to be given to the attorney for the corporation. When plaintiff filed that motion on November 16 to be heard on December 1 for the purpose of charging the garnishee it must be held to have known that it had already filed a motion on October 17 to assign the main case to December 7 and that it had been so assigned and that it was therefore seeking to have the garnishee charged before there could be a judgment or even a decision against defendant Ciccone. The motion of November 16 for a hearing on December 1 was clearly premature since on December 1 it could not be known that plaintiff would prevail. *Coulters* v. *Sand Man, Inc.*, 53 R. I. 151.

There was also a motion filed by the garnishee on December 3, 1959 which stated that there were prior attachments of funds in its hands belonging to Edmund Ciccone. That motion requested that garnishee proceedings be continued or stayed until it was determined whether the garnishee would be charged under the prior attachments. There was also a stipulation signed by attorneys for the plaintiff and for the garnishee, filed on December 5, 1959, agreeing *inter alia* that plaintiff's motion of November 16 to charge the garnishee and garnishee's motion of December 3 for a continuance or temporary stay be set down for hearing on the calendar for December 16, 1959.

The plaintiff's contention appears to be that the two motions and the stipulation, all of which were on file in the papers of the case, were of themselves sufficient to prevent

the entry of judgment. General laws 1956, §9-21-1, reads in part as follows: "Time for entry of judgment. - * '* * and in all other answered cases, in any court, judgment shall be entered on the seventh day following the day of the rendition of the verdict or the decision of the court, unless some motion operating as a stay be filed, or unless there be an express order of the court for the entry thereof, on some later day, or unless otherwise provided by statute * * *."

We are of the opinion that neither of the two motions nor the stipulation just referred to would of itself without an order of a justice of the court operate to stay the judgment afterward entered. To stay judgment in view of the mandatory character of the statute required a determination of the need and thereafter a decision or, in other words, a judicial act, the act of a justice of the court. There is in the papers an agreement of counsel to stay the entry of judgment entered by a justice on December 29, 1959. This was of no effect since judgment had already been entered fifteen days before this order was filed. What was needed at that time was not a stay but a vacation of the judgment.

The plaintiff's second contention is that assuming judgment was properly entered, plaintiff's motion to vacate such judgment in order that the garnishee might be charged before judgment should have been granted.

General laws 1956, §9-21-2, reads: "Control retained over judgment or decree. — In case of judgment by default, or in case of judgment entered by mistake, * * * the court entering the same shall have control over the same for the period of six (6) months after the entry thereof, and may, for cause shown, set aside the same and reinstate the cause, or make new entry and take other proceedings, with proper notice to parties, with or without terms, as it may direct by general rule or special order."

In this case the judgment was not entered by mistake and the court below was not in error in so finding. The

plaintiff cites the case of *State* v. *Watson,* 20 R. I. 354, where the court set aside a decree in a divorce case because of fraud in procuring it. In the instant case no fraud has been shown nor is it asserted that the judgment was fraudulently obtained.

Again plaintiff urges that the court has inherent power to vacate judgments, citing 1 Freeman, Judgments (5th ed.) §194, p. 375; id. §216, p. 420. That there is such inherent power is conceded but there was no mistake in the entry of judgment in the instant case and no other reason has been suggested for the exercise of the court's power. The plaintiff insists, however, that the court could properly vacate the judgment of December 14 by consent of the parties without giving any reason for its action, citing 49 C.J.S., Judgments, §281, p. 510, and *Franzen* v. *Juhl,* 182 Ark. 663. As to this argument of plaintiff, there is in the papers of the case a stipulation signed by attorneys for the plaintiff and for the defendant but not for the garnishee which was filed on January 26, 1960 wherein the attorneys agreed that plaintiff's motion in form annexed to the stipulation might be granted. The annexed motion was that the judgment of December 14 might be vacated.

We are of the opinion that the justice to whom the stipulation and motion were referred was not bound by the agreement of the parties but was required to act according to the facts and the law. The motion was denied because the justice was of the opinion that there was no mistake in the entry of the judgment and that the garnishee thereby had been discharged. We are of the opinion that there was no error in the action of the justice.

The plaintiff's final contention is that "the rule that a garnishee must be charged before entry of final judgment is not soundly based and should be disavowed." In support of this contention it cites 5 Am. Jur., Attachment and Garnishment, §711, p. 41, where it is stated: "The general rule is that a valid judgment against the principal defend-

ant, in force and effect, is essential to authorize a judgment against the garnishee, and that where there is no valid judgment against principal defendant, there is no jurisdiction to render any judgment against a garnishee."

This statement of law or procedure relative to garnishment would be accurate for this state if the word judgment in the first and fifth lines were changed to the word decision. It is hardly necessary to state that procedure to reach a certain end varies greatly in different jurisdictions. Present procedure relative to charging a garnishee began with the passage of public laws 1907, chapter 1432, passed April 16, 1907, which amended sec. 578 of the Court and Practice Act. In *Stephanian* v. *District Court*, 29 R. I. 210, decided June 10, 1908, the court held that said sec. 578, as amended, required the charging of the garnishee to be made before final judgment. Decision was made after the submission of briefs in which the proper time for charging a garnishee was considered. The *Stephanian* case was followed in *George E. Merewether, Inc.* v. *Equi*, 53 R. I. 148, and in *Coulters* v. *Sand Man, Inc.*, 53 R. I. 151.

The decision in the *Stephanian* case, *supra*, as respects the time for charging a garnishee has been followed by this court for more than fifty years, and if a change from the present practice is desired we think it should be made by the legislature.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Edwards & Angell, James K. Edwards,* for plaintiff.

*Dick & Carty, Joseph E. Marran, Jr.,* for garnishee.