McDANIEL BROTHERS CONSTRUCTION COMPANY, Inc., and as A Partnership, et al.
*v.* SIMMONS FIRST BANK of Jonesboro

CA 87-306                                    749 S.W.2d 348

Court of Appeals of Arkansas
Division II
Opinion delivered May 11, 1988
[Rehearing denied June 15, 1988.]

*Barron & Coleman, P.A.*, by: *Randy Coleman* and *Keith I. Billingsley*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, for appellee.

GEORGE K. CRACRAFT, Judge. McDaniel Brothers Construction Company, Inc., McDaniel Brothers Construction Company, a partnership, and the individual partners appeal from judgments totaling $1,389,785.45 rendered against them in favor of Simmons First Bank of Jonesboro. On appeal, the appellants advance several points for reversal. We find sufficient merit in appellants' argument that the trial court erred in finding the doctrine of *res judicata* inapplicable to the case to warrant reversal.

Between April of 1980 and February of 1983, the appellants in their various capacities executed six unsecured notes payable to appellee's predecessor. In 1983, all of these notes were secured by the execution of second mortgages on properties owned by appellants and leased to the United States Postal Services located in Pulaski and Mississippi Counties, Arkansas, and in the States of Missouri and Alabama. Both parties agreed that each of the four second mortgages secured all six notes rather than any particular one. The notes subsequently became in default. It was agreed that the law of Missouri and Alabama provided for nonjudicial foreclosure, to be followed by suits for deficiency judgments. The properties in those two states were sold under the powers of the mortgage, but the proceeds were not sufficient to provide funds for application to those notes secured by the second mortgages. No action for deficiency judgment was taken in either state.

Appellee then brought foreclosure actions in both Pulaski and Mississippi counties. The complaint in each case alleged the execution of the six notes and the subsequent execution of the real estate mortgages. Neither complaint prayed for personal judgments on the notes but only that the amount due on the notes be determined, the lien of the mortgages be foreclosed, and the proceeds applied to the indebtedness. The actions were removed to the United States District Court for the Eastern District of Arkansas because the postal department was a lessee of the premises and a necessary party to the action.

Separate decrees were entered in 1984 by the federal district court, which found the amounts due on the defaulted notes and ordered the lands sold and the proceeds applied to the indebtedness. No personal judgment was entered against the appellants, and the court retained jurisdiction only to confirm the sales and order distribution of the proceeds. It was agreed by all of the parties that the sales were confirmed and that the proceeds were inadequate to discharge any of the notes in full.

On August 22, 1985, the appellee brought this action in the circuit court of Craighead County seeking to recover a judgment for the deficiency. The appellants appeared and answered interposing various defenses, including the contention that the present action was barred under the doctrines of *res judicata* and waiver. The trial court entered an order in which it found that the appellants had failed in their burden of proving acts sufficient to make any of its defenses applicable and entered judgments against the appellants in the amount sued for on the notes. We agree that the trial court erred in its ruling as to the defense of *res judicata*.

■ Our rule applicable to the doctrine of *res judicata* is perhaps best stated in the case of *Eiermann* v. *Beck*, 221 Ark. 138, 141, 252 S.W.2d 388, 389 (1952), in the following language:

> Our cases do not draw a distinct line beyond which *res judicata* invariably applies and within which it does not. The very nature of litigation makes that impossible. The rule, however, seems to be that if the forum selected by the plaintiff has jurisdiction of the person and the subject-matter, and the parties in each instance are the same, and if claims that were made or could have been made grew out of

the same transaction, then it is the duty of the aggrieved party or parties to include in one action all rights subject to judicial determination at the time suit was brought, thus preventing multiple litigation.

Our courts have consistently held that the doctrine of *res judicata* applies not only to those issues which have actually been tried, but also to those which could have and therefore should have been determined in the one action.

■ Here, the forum selected by the appellee was the court of equity, which undoubtedly had jurisdiction not only to foreclose the mortgage lien but also to enter judgment on the notes. The federal district court to which the action was removed likewise had jurisdiction to settle both issues in the same proceeding. That court had before it the notes sued on in this case, determined the amount due on them, ordered the land sold, confirmed the sale, and applied the proceeds to the discharge of the indebtedness. The amount of judgment to be awarded on the notes was a matter which the court *could* have adjudicated in that action. Further action is therefore estopped by that initial adjudication in the absence of facts and circumstances preserving the issue for future litigation.

■■ In *Pfeiffer* v. *Missouri State Life Insurance Co.*, 177 Ark. 1013, 8 S.W.2d 505 (1928), our supreme court recognized that competent persons can expressly agree that there will be no personal judgment taken against them at any time. It has also recognized that parties can by express agreement reserve the right to sue for a deficiency in subsequent proceedings and that, where such an agreement has been made, the doctrine of *res judicata* will not be applied. *Farrell* v. *Steward,* 134 Ark. 605 (mem.), 204 S.W. 423 (1918); A. Hughes, *Arkansas Mortgages* § 405a (1930).

■ Here, the trial court filed written findings of fact and conclusions of law in which it expressly found that the appellee had never expressly agreed to waive its right to pursue a deficiency judgment. Although this is a permissible finding to be made on the conflicting evidence, it does not dispose of the issue of *res judicata*. In *Pfeiffer*, the court found that the parties had in fact made an express agreement that the mortgagee would not pursue a deficiency judgment against the mortgagor. It further

found that this was an agreement that the parties had a right to make. It is clear from that opinion, however, that the failure to prove the existence of such an agreement would not have changed the result in that case, as the court concluded:

> We think the agreement between the parties constituted a waiver of the right to a personal judgment against Mrs. Pfeiffer. Appellee was entitled to have the question of personal liability of Mrs. Pfeiffer settled in the original suit, and, if it were not settled by the agreement, it was an issue in the case, and *could* have been settled, and it is therefore *res judicata.*

*Pfeiffer*, 177 Ark. at 1018, 8 S.W.2d at 507 (emphasis added). We conclude that the existence or nonexistence of an agreement to *waive* a deficiency judgment has no effect on the application of the doctrine of *res judicata*, for the existence of such an agreement is merely an alternative basis for denying recovery.

Here, the trial court further found:

> [Appellee] did not pray for *in personam* judgments in the judicial foreclosure actions in the State of Arkansas and the issue of *in personam* judgment was not submitted to the Court in either foreclosure action. The [appellants] approved the foreclosure decrees which solely were *in rem* foreclosure rights, which established that the parties were reserving any rights that they may have had concerning the issue of the [appellants'] personal liabilities on the underlying debts.

We do not agree. To the contrary, the quoted language from *Pfeiffer* would dictate an opposite result. The notes secured by these mortgages were introduced in the federal court action, as underlying debts secured by the lien sought to be foreclosed. Judgment *could* have been sought and rendered on those notes in the federal proceeding and, that not having been done, a separate action to recover the deficiency is barred absent an agreement *preserving* the issue for future litigation. From our review of the record, we find no evidence which would sustain the required finding that the parties had expressly agreed that the issue be preserved. The judgment of the trial court is therefore reversed and the case dismissed.

JENNINGS and COOPER, JJ., agree.