James H. WILLIAMS *v.* CONNECTICUT GENERAL
LIFE INSURANCE CO.

CA 88-74                                      759 S.W.2d 815

Court of Appeals of Arkansas
Division I
Opinion delivered November 16, 1988

*Denver L. Thornton,* for appellant.

*Shackleford, Shackleford & Phillips, P.A.,* by: *Teresa Wineland*, for appellee.

DONALD L. CORBIN, Chief Judge. James Williams appeals an order of the Union County Circuit Court granting summary judgment to appellee in appellant's declaratory judgment action.

We affirm.

In 1979, appellee issued a policy of disability insurance to Texas Eastern Transmission Corporation, appellant's employer; appellant became disabled and began to collect benefits under the policy in 1979. After a period of time, appellant executed a promissory note to appellee in the principal sum of $6,117.38 for repayment of amounts overpaid to appellant. The note, dated December 1, 1982, provided:

> Connecticut General Life Insurance Company is presently obligated to J. H. Williams for monthly disability benefits in the sum of $122.70 under the terms and conditions of Policy No. 0376215 on January 1, 1983, and each month thereafter. This monthly sum will be retained by Connecticut General Life Insurance Company on January 1, 1983, and each month thereafter as monthly payment of principal and interest on the obligation evidenced by this promissory note, and like payments will continue monthly on the first day of each month thereafter until the entire indebtedness of this promissory note has been paid.

The note also provided that, "[i]n the event that J. H. Williams shall cease to be entitled to monthly benefits under the terms of the aforementioned policy, payment of principal and interest will commence directly from J. H. Williams in an amount not less than $122.70, until the entire indebtedness has been paid."

In 1983, appellee filed a complaint against appellant in the Lafayette County Circuit Court on the promissory note. The complaint recited that the appellant was indebted to appellee in the amount stated on the note, a copy of which was attached to the complaint, and demanded payment. Appellant did not defend or appear in that lawsuit, and a default judgment was rendered against him for the face amount of the note plus interest, attorney's fees, and costs. The complaint in that action did not state that appellant was not disabled or was not entitled to benefits under the policy, and the court made no such finding in the default judgment.

In 1986, appellant brought this action against appellee for a

declaratory judgment "to determine the rights of the [appellant] and the [appellee] under a contract of insurance issued by [appellee]." After appellee filed an answer and the parties engaged in discovery, appellee filed a motion for summary judgment on the ground that the complaint was barred by the doctrine of *res judicata*. An order was entered by the Union County Circuit Court in 1987 granting summary judgment to appellee.

Appellant argues that his claim is not barred by *res judicata*. We disagree. If claims that were made or could have been made grew out of the same transaction, and if the forum has jurisdiction of the person and subject matter and the parties are the same, the doctrine of *res judicata* may be applied. *McDaniel Bros. Constr. Co.* v. *Simmons First Bank of Jonesboro*, 24 Ark. App. 106, 749 S.W.2d 348 (1988). The doctrine of *res judicata* applies not only to those issues which have actually been tried, but also to those which could have and therefore should have been determined in the one action. *Swofford* v. *Stafford*, 295 Ark. 433, 748 S.W.2d 660 (1988). In order for the doctrine of *res judicata* to apply, it must appear that the particular matter was raised and determined or was necessarily within the issues and might have been litigated in the previous action. *Talbot* v. *Jansen*, 294 Ark. 537, 744 S.W.2d 723 (1988).

> A judgment by default is just as binding and forceful as a judgment entered after a trial on the merits in a case; and it is not to be discredited or regarded lightly because of the manner in which it was acquired. A default judgment determines a plaintiff's right to recover and a defendant's liability just as any conventional judgment or decree.

*Meisch* v. *Brady*, 270 Ark. 652, 658, 606 S.W.2d 112, 114 (Ark. App. 1980). A defense not presented before the entry of a default decree is barred by the doctrine of *res judicata*. *Lewis* v. *Bank of Kensett*, 220 Ark. 273, 247 S.W.2d 354 (1952).

Appellant's disability was necessarily within the issues presented by the 1983 action on the promissory note; by failing to respond to appellee's complaint in the action on the note, appellant admitted that he was no longer disabled, and that issue is barred by *res judicata*.

Affirmed.

COOPER and CRACRAFT, JJ., agree.