In re Richard M. **HOLT**, Yolanda V. Holt, Debtors.

Raymond C. **STULL**, Plaintiff,

v.

Richard M. **HOLT**, et al., Defendants.

Bankruptcy No. 2–83–03682.
Adv. No. 2–88–0094.

United States Bankruptcy Court, S.D. Ohio, E.D.

May 9, 1989.

J. Kevin Cogan, Jones, Day, Reavis & Pogue, Columbus, Ohio, for plaintiff.

Ray J. King, Gahanna, Ohio, for defendants.

## OPINION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on a motion for summary judgment, filed on behalf of plaintiff Raymond C. Stull. Stull seeks to except a debt owed to him by defendant Richard M. Holt from the operation of the discharge granted to Richard and Yolanda Holt. The plaintiff's motion was opposed.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) which this bankruptcy judge may hear and determine.

### FACTUAL BACKGROUND

Certain operative facts in this matter have been stipulated by the parties as follows:

1. On November 5, 1981 the United States District Court for the Southern District of Ohio, Eastern Division, in a case entitled *Raymond C. Stull v. James A. Rhodes, et al.*, Case No. C–2–80–472 (the "Civil Action") entered a default judgment on behalf of Stull and against Holt on the issue of liability, finding that Stull had made out a prima facie case that Holt subjected Stull to cruel and unusual punishment in that Holt, without cause or provocation, deliberately and maliciously kicked and struck plaintiff resulting in injuries to Stull's face, head, chest and testicles....

2. On November 17, 1983, following a trial by jury on the issue of damages, an Amended Judgment Entry was filed in the Civil Action pursuant to which Stull was granted judgment against Holt in the sum of $4,000 compensatory damages and the sum of $4,000 punitive damages with interest thereon at the rate of 9.98% as provided by law and his costs of suit....

3. Holt did not (i) move for a new trial pursuant to Fed.R.Civ.Pro. 59, (ii) seek relief from judgment pursuant to Fed.R.Civ.

Pro. 60, or (iii) appeal the judgment granted to Stull in the Civil Action.

4. On November 28, 1983 Stull filed a Certificate of Judgment for Lien against Holt with the Clerk of the Common Pleas Court for Franklin County, Ohio....

5. On December 7, 1983 Holt filed a Voluntary Petition in Bankruptcy pursuant to Chapter 7 of the Bankruptcy Code and received a Discharge in Bankruptcy on March 20, 1984.

6. The judgment debt owed by Holt to Stull was discharged as part of Holt's Discharge in Bankruptcy.

7. Although Holt listed Stull as an unsecured creditor, Stull did not receive notice, or have actual knowledge, of Holt's bankruptcy and subsequent discharge until October 1984 when Stull's former attorney, Mark Coco, unsuccessfully attempted to execute upon Stull's judgment against Holt....

Other pertinent facts are established by uncontested affidavits attached to the parties' stipulations.

1. Stull was incarcerated at the time Holt's bankruptcy case was filed.

2. Stull's claim against Holt arose from an incident on February 28, 1979 at the Columbus Correctional Facility ("Columbus"), where Stull was an inmate and Holt was a guard.

3. Holt's bankruptcy schedules listed Stull as a creditor and showed as his address the Chillicothe Correctional Institute ("Chillicothe").

4. At the time the Clerk of the Bankruptcy Court sent notices of important filing dates to creditors in the defendant's bankruptcy case, Stull had been moved from Chillicothe. That move occurred on December 21, 1982.

5. By letter dated December 16, 1983 the Superintendent at Chillicothe returned the bankruptcy notice to the Bankruptcy Clerk's office with an indication that Stull had been transferred to Columbus.

6. On or about March 20, 1984 the Bankruptcy Clerk resent the notice to Stull at Columbus. That notice was also returned as undeliverable because Stull, on February 4, 1983, had been transferred to the Southern Ohio Correctional Facility in Lucasville ("Lucasville") and personnel at Columbus were unable to identify him.

7. Not until October 1984 did Stull or his attorney have actual knowledge that Holt had filed a bankruptcy case which affected Holt's obligation to Stull.

The Court further finds that it is uncontested that Stull's complaint seeking a determination that his obligation was not included in the scope of Holt's discharge in bankruptcy was not filed within the time required by Bankruptcy Rule 4007(c).

## LEGAL ISSUES

Two legal issues, as raised in Stull's motion, are before the Court for determination.

First, did Holt fail to schedule or list Stull within the meaning of 11 U.S.C. § 523(a)(3)?

Second, is Stull entitled to invoke an affirmative use of collateral estoppel to show that, had his notice been timely, Holt's debt to him would have been excepted from the scope of Holt's discharge as a debt for a willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6)?

## CONCLUSIONS OF LAW

Stull's motion for summary judgment is premised upon the provisions of 11 U.S.C. §§ 523(a)(3)(B) and (a)(6) which state in relevant parts:

"A discharge under section 727 ... of this title does not discharge an individual debtor from any debt ...

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

. . . . .

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, ... timely request for a determination of dischargeability of such debt under one of such paragraphs,

unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

.     .     .     .     .

(6) for willful and malicious injury by the debtor to another entity....

The facts in this matter, essentially uncontested, clearly establish that actual notice to Stull of Holt's pending bankruptcy case occurred only after expiration of the period for filing a complaint pursuant to 11 U.S.C. § 523(a)(6). The legal issue arising from that fact is whether such lack of actual notice meant that the obligation to Stull was effectively "neither listed nor scheduled ... in time to permit" the timely request for determination of dischargeability. Such determination hinges upon a legal analysis of where the fault lies for the improper address shown for Stull in Holt's bankruptcy schedules.

■ An incorrect address, without more, does not give rise to a conclusive presumption that the creditor was not listed or scheduled. Any such finding depends upon the facts of each case. *Ford Motor Credit Co. v. Weaver,* 680 F.2d 451 (6th Cir.1982), *reh'g denied.* The proof which a debtor must adduce, once it has been shown that an address was incorrect, is that the inaccuracy was justified and was not the result of a lack of reasonable diligence. *Lubeck v. Littlefield's Restaurant Corp. (In re Fauchier),* 71 B.R. 212 (Bankr. 9th Cir. 1987). In effect, it appears that the incorrect address, once demonstrated, gives rise to a rebuttable presumption that the creditor was not listed or scheduled within the meaning of § 523(a)(3).

Affidavits attached to the parties' stipulations of facts aver that neither Stull nor his attorney received actual notice of Holt's bankruptcy filing until after the bar date for filing a dischargeability complaint pursuant to 11 U.S.C. § 523(a)(6). Stull's affidavit also asserts that he was not located at Chillicothe at the time the bankruptcy case was filed or when the notices were mailed.

■ Holt's memorandum in opposition to Stull's motion fails to dispute Stull's assertions or offer any facts which could enable the Court to find that Stull was duly listed or scheduled. No assertions are offered in affidavit or other appropriate form which rise to the level of a rebuttal of the presumption. As a non-moving party must contest issues of fact attempted to be established by affidavits or other means when summary judgment is sought, the Court must find, as a matter of fact, that Stull did not receive timely notice of Holt's bankruptcy filing and that Holt has failed to establish facts showing due diligence or justification for the inaccuracy. *See* Bankruptcy Rule 7056, adopting Fed.R.Civ.P. 56(e). Accordingly, the Court finds, as a matter of law, that Stull was not duly listed or scheduled within the meaning of § 523(a)(3).

The other issue sought to be established by Stull's motion is that the debt to Holt is of a kind specified in 11 U.S.C. § 523(a)(6). Only this Court may make that determination. *See* 11 U.S.C. § 523(c) and Bankruptcy Rule 4007(c).

In support of his motion Stull wants this Court to apply principles of collateral estoppel and bar retrial of facts establishing the nature of Holt's debt to Stull. Liability for that obligation was previously determined by a district judge on a motion for default judgment. Subsequent to that default judgment, a jury awarded Stull $4,000 in compensatory damages and $4,000 in punitive damages.

■ Under principles of *res judicata,* this Court will neither redetermine the amount of Holt's liability to Stull nor the existence of such liability. *Comer v. Comer (In re Comer),* 723 F.2d 737 (9th Cir. 1984). However, only the bankruptcy court has jurisdiction to determine the nature of an obligation which is alleged to be nondischargeable under 11 U.S.C. § 523(a)(6). *See* 11 U.S.C. § 523(c). While collateral estoppel can be used to bar relitigation of facts essential to that determination when such facts were found after actual trial in a previous proceeding involving the same parties, application of collateral estoppel is not appropriate to determine the nature of the obligation in a dischargeabili-

ty action where the prior judgment was rendered on a default basis. *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981).

The Court understands Stull's arguments in this regard. However, the policies underlying the fresh start granted by a discharge in bankruptcy and practical realities associated with the defense of multiple lawsuits which often precede a bankruptcy filing, make it inappropriate to use facts established only in an uncontested proceeding to find the nature of an obligation sought to be discharged. Moreover, the nature of the obligation within the meaning of the Bankruptcy Code's exceptions to discharge was not before the prior court at the time of its findings. That issue, therefore, could not have been previously litigated. Accordingly, Stull cannot establish that his debt arose from a willful and malicious injury, within the meaning of 11 U.S.C. § 523(a)(6), by affirmative assertion of collateral estoppel.

Based upon the foregoing, the Court grants Stull's motion for summary judgment in part and denies that motion in part. Stull is granted judgment on the issue of Holt's failure to duly list and schedule his obligation. Judgment is denied on a summary basis, however, on the issue of the nature of Holt's debt to Stull. That issue must be resolved by further proceedings in this Court. The Court also notes that no facts have been presented to date which would impact upon the scope of the discharge previously granted to Yolanda A. Holt.

Trial of the issue remaining in this matter is hereby set for Tuesday, September 19, 1989, at 9:30 a.m. in Courtroom 130, U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215.

IT IS SO ORDERED.