**In re INDIAN CREEK ROUTE, INC., Debtor.**

**INDIAN CREEK ROUTE, INC., Plaintiff,**

v.

**GRAND PLAZA ASSOCIATES, INC., Ben Cohen and Stanley Joel Levine, Defendants.**

Bankruptcy No. 92–10540–BKC–SMW.

Adv. No. 92–0495–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Sept. 2, 1992.

Arthur Halsey Rice, Miami, Fla., for defendants.

Richard Siegmeister, Miami, Fla., for plaintiff.

Rhea Grossman, Miami, Fla.

## ORDER OF ABSTENTION

SIDNEY M. WEAVER, Chief Judge.

THIS MATTER came on before the Court for hearing on August 20th on the motions of Defendants Grand Plaza Associates, Inc. (Grand Plaza), Ben Cohen (Cohen) and Stanley Joel Levine (Levine) seeking to have this case dismissed or to have this Court abstain pursuant to 28 U.S.C. § 1334(c). For the reasons set forth below, this Court grants the motions to abstain.

This Adversary Complaint was filed on or about May 26, 1992 but not served until July 16, 1992. The Adversary Complaint filed by the Debtor, Indian Creek Route, Inc. (Indian Creek), is styled *Complaint for Declaratory Relief, Rescission and Constructive Trust.* Indian Creek's Complaint is cast in seven (7) Counts and seeks:

Count I—Declaratory Judgment concerning a contract for sale with Grand Plaza;

Count II—rescission of its agreement with Grand Plaza;

Count III—damages including punitive damages;

Count IV—the same damages as in Count III but trebled;

Count V—damages;

Count VI—damages; and,

Count VII—an accounting, a constructive trust and a general damage judgment.

Prior to Indian Creek filing its Petition in bankruptcy, it had commenced a lawsuit in the Dade County Circuit Court styled *Indian Creek Route, Inc. v. Grand Plaza Associates, Inc., Ben Cohen and Stanley Joel Levine,* Case No. 90–41407. The Complaint was filed in the state court in or about August, 1990. After the Defendants answered the Complaint in state court the Debtor took no real action until required to do so in order to avoid a dismissal for lack of prosecution. On or about December 23, 1991 an Amended Complaint was filed in the state court action. The Amended Complaint was cast in seven (7) Counts and appears to seek essentially identical relief to that requested in this adversary proceeding. The state court action is currently pending although for some inexplicable reason the Debtor filed a *Suggestion of Bankruptcy* in the state court, apparently because that action was consolidated with another matter wherein the Debtor was a Defendant.

This Court abstains from this matter pursuant to 28 U.S.C. § 1334(c)(2) which mandates abstention under circumstances such as exist here.

Mandatory abstention is required whenever the following elements exist:

1. A timely *Motion for Abstention* is filed;

2. State law claims are involved;

3. There is no federal jurisdiction absent the bankruptcy; and,

4. The claims can be timely adjudicated in state court.

All of the elements are satisfied in this case as will be discussed below.

A. *The Timely Motion*

The Defendants in this adversary proceeding, Grand Plaza, Cohen and Levine all filed the motions seeking to have this Court abstain within twenty (20) days from the date that they were served with the Adversary Complaint. Although the motions were not filed until July 2nd as to Grand Plaza and Cohen and July 23rd as to Levine, the Defendants were not served until on or about July 16th, Grand Plaza and Cohen's motions having incorporated a

*Motion to Dismiss* based on Bankruptcy Rule 7012 and 7004 for lack of service of process, Levine's motion, having been made after he was served with a summons and copy of the Complaint is certainly timely. Grand Plaza and Cohen's motion, having been made before they were properly served would appear to be more than timely. Consequently, that element is clearly met as to all Defendants.[1]

B. *The Nature of the Claims and Federal Jurisdiction*

■ The claims asserted in this adversary proceeding are clearly all state law claims. Notwithstanding the Debtor's allegation in ¶ 2 of its Complaint that "this is a core proceeding ..." the pure and simple fact of the matter is that all of the relief requested by Indian Creek in this adversary proceeding was previously sought by it two (2) years ago when it filed the action in state court. It is apodictic that claims filed in state court fourteen (14) months prior to any bankruptcy petition being filed are clearly state court claims. Since the claims are clearly matters of state law, the only other basis upon which federal jurisdiction might be premised would be diversity of citizenship. That is certainly not alleged nor could it be a serious contention of Indian Creek since it alleges in ¶ 2 of its Amended Complaint that it is a Florida corporation and in ¶s 4, 5 and 6 that all Defendants are citizens of Florida. Therefore, there is no diversity of citizenship between the Plaintiff and all of the Defendants as would otherwise be required for this action to be maintained in federal court and there is therefore no jurisdiction for this action to have been commenced in a Court of the United States absent this bankruptcy.

C. *Timely Adjudication in a State Forum*

It is the view of this Court that this matter can be timely adjudicated in state court except for the apparent recalcitrance on the part of the Debtor to get the case finished. If there has been any delay, it is because Indian Creek has not done very much since August of 1990 to get its claims resolved. In any event, the opportunity for it to do so has clearly been present and it is the judgment of this Court that Indian Creek's failure to prosecute its claims in state court should not in and of itself saddle this Court with the burden of deciding those state law claims.

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Defendants' *Motion for Abstention* is granted; and,

2. The Debtor's Complaint for Declaratory Relief, Rescission and Constructive Trust is dismissed without prejudice to the Debtor to pursue the claims contained therein in its state court action.

DONE AND ORDERED.

---

1. Indian Creek filed this Adversary Complaint on or about May 28, 1992 but apparently failed to have any summonses issued or to serve any of the Defendants. Grand Plaza and Cohen filed *Motions to Dismiss* based upon lack of service on or about July 2nd apparently alerting the Debtor to what had transpired. On or about July 8th, Indian Creek filed a *Certificate of Non–Service* admitting lack of service and thereafter served all Defendants with alias summonses and copies of the Adversary Complaint.