In re Charles MADY, Debtor.

Gerald HALL, et al., Plaintiffs,

v.

Charles MADY, Defendant.

Bankruptcy No. 92–32401.
Adv. No. 92–3440.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Oct. 4, 1993.

---

**488**

John Wasserman, Alexander Buerger, Toledo, OH, for plaintiff.

Renee Hess Weaver, Donna Weaver, Toledo, OH, for debtor.

## OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court upon Gerald and Alice Hall, Gamda Corporation and Reap Corporation's (the "Halls") motion for summary judgment on their com-

plaint to except the debt of Charles Mady ("Mady") from discharge under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(B). The Court finds that the Halls' motion for summary judgment is not well taken and should be denied.

### FACTS

Mady filed a petition under chapter 7 of title 11 on June 25, 1992.

The Halls are judgment creditors of Mady whose claim arose from a default judgment against Mady and Franchise Marketing, Inc. ("FMI") rendered in the United States District Court for the Eastern District of Michigan for violations of the Michigan Franchise Investment Act, breach of franchise agreements and common law fraud (the "District Court Proceeding"). Mady was formerly a salesman and president of Franchise Marketing, Inc.

The Halls' complaint in the District Court Proceeding contained allegations of misrepresentations made by Mady to the Halls in connection with the purchase by the Halls of subfranchise rights and a franchise from FMI. The alleged misrepresentations concerned the extent of training and operational documents which would be provided to the Halls, and the level of profits which the Halls would receive from operations. Additionally, the Halls alleged that Mady provided them with a materially false financial statement with respect to FMI's financial condition.

The District Court entered a default judgment against Mady for failure to plead and for failure to appear at a status conference.

### DISCUSSION

**Standard for Summary Judgment**

The Court should grant summary judgment to the movant "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". Fed.R.Civ.P. 56(c), made

applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7056.

The Supreme Court has noted that the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact". *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party must "identify[ ] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact". *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed. R.Civ.P. 56(c)). However, the Court noted in *Anderson* that

> the [nonmovant] is not thereby relieved of his own burden of producing in turn evidence that would support a [verdict by the factfinder]. Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.

*Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514.

The Sixth Circuit has interpreted the Supreme Court's summary judgment cases as requiring summary judgment where the nonmoving party has "relied on a forlorn hope that 'something would turn up at trial' " or "rel[ied] on the now invalidated duty of the trial court to search the record for some 'metaphysical doubt' as to a material fact that might be lurking there". *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1483–84 (6th Cir.1989) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

### Application of Standard for Summary Judgment to the Instant Proceeding

■ The Supreme Court has held that collateral estoppel applies in bankruptcy proceedings. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). This principal "specifically bars the Bankruptcy Court ... from relitigating issues previously determined by another court of competent jurisdiction". *National Acceptance Co. of America v. Bathalter (In re Bathalter),* 123 B.R. 568 (S.D.Ohio 1990), *aff'd,* unpublished, 951 F.2d 349 (6th Cir. 1991).

■ "[T]he person asserting the estoppel has the burden of proving the requirements of estoppel have been met." *Spilman v. Harley,* 656 F.2d 224, 229 (6th Cir.1981).

■ In determining whether collateral estoppel is applicable in the instant adversary proceeding, the Court must determine "that the precise issue in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome." *Spilman,* 656 F.2d at 228 (citations omitted).

■ This court agrees with the bankruptcy court in *Nationwide Mutual Fire Insurance Co. v. Hale (In re Hale)* that in the Sixth Circuit the "actually litigated" factor is not satisfied by a default judgment. *Nationwide Mutual Fire Insurance Co. v. Hale (In re Hale),* 155 B.R. 730 (Bankr.S.D.Ohio 1993); *see Stull v. Holt (In re Holt),* 102 B.R. 116, 119 (Bankr. S.D.Ohio 1989) (holding that "the policies underlying the fresh start granted by a discharge in bankruptcy and practical realities associated with the defense of multiple lawsuits which often precede a bankruptcy filing, make it inappropriate to use facts established only in an uncontested proceeding to find the nature of an obligation sought to be discharged".); *see also M & M Transmissions, Inc. v. Raynor (In re Raynor),* 922 F.2d 1146 (4th Cir.1991) (held that state court default judgment did not have collateral estoppel effect in bankruptcy proceeding under 11 U.S.C. § 523(a)(2)(A)). *Cf. Spilman,* 656 F.2d at 228 (stating that "[i]f the important issues were not actually litigated in the prior proceeding, as in the case with a default judgment, then collater-

al estoppel does not bar relitigation in the bankruptcy court").

The Halls have cited a line of cases holding that a bankruptcy court should give collateral estoppel effect to a default judgment in a dischargeability proceeding. *In re Eadie,* 51 B.R. 890 (Bankr.E.D.Mich. 1985); *In re Byard,* 47 B.R. 700 (Bankr. M.D.Tenn.1985). Relying on an interpretation of the Full Faith and Credit statute, 28 U.S.C. § 1738, which has since been discredited, these cases held that the applicable law in dischargeability proceedings was the state law of collateral estoppel. These cases also doubted the continued efficacy of *Spilman.* The court in *Hamilton Bank of Upper East Tennessee v. Morrison (In re Morrison)* rejected this line of authority, stating that:

> after *Byard* was decided, the Sixth Circuit applied the identical rules of collateral estoppel enunciated in *Spilman* to the state court judgment before it in *Laudani* [783 F.2d 610 (6th Cir.1986)]. The Sixth Circuit in *Laudani* did not mention *Byard* nor did it discuss the Supreme Court decisions relied upon by Judge Lundin [in *Byard*]. Instead it reaffirmed the collateral estoppel rules enunciated in *Spilman.*

*Hamilton Bank of Upper East Tennessee v. Morrison (In re Morrison),* 119 B.R. 135, 141 (Bankr.E.D.Tenn.1990). This Court also rejects the line of cases spawned by *Byard.*

■ The bankruptcy court has exclusive jurisdiction to make the legal conclusion that a debt is dischargeable. *Spilman,* 656 F.2d at 227.

> As the [Supreme Court held in *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)], where the facts necessary for a dischargeability determination were not necessary to the determination in the prior judgment, the parties should not be bound or else the parties would always have to anticipate future bankruptcy proceedings and the state courts would be deciding facts not necessary to the state proceedings but only relevant to a possible future bankruptcy proceeding. In effect, state courts

would then be deciding issues directly concerning dischargeability, contrary to congressional intent.

*Spilman,* 656 F.2d at 227.

Even if this Court agreed with the Halls that a default judgment could be given collateral estoppel effect, the record from the default judgment against Mady does not support a finding that the fraud issue should be given collateral estoppel effect. *See Wheeler v. Laudani,* 783 F.2d 610, 614 (6th Cir.1986) (holding that summary judgment was not proper in a case where lower court had given collateral estoppel effect to state court libel judgment where "neither the pleadings nor the general verdict reflect[ed] that the issue of willfulness and maliciousness was actually litigated and necessary to the verdict").

The Halls have provided no evidence that the issue of fraud was necessary to the District Court's grant of default judgment. The Halls' argument that the determination of the issue of fraud was necessary to the District Court's grant of default judgment because "the relevant issues were necessarily decided against Mady by the District Court" is circular. The Halls ask the Court to answer the question of whether the issue of fraud was necessary to the District Court's grant of default judgment against Mady by assuming that the District Court considered the issue of fraud and found the issue of fraud necessary to the default judgment.

Additionally, an examination of the record does not indicate that the issues were actually litigated. The District Court rendered a default judgment against Mady for failure to plead or to appear at a status conference. *See* Plaintiff's Exhibit 3, Order of United States District Judge Stewart A. Newblatt, Docket Number 44, Certified Copy of District Case No. 86–40169, United States District Court, Eastern District of Michigan; Plaintiff's Exhibit 3, Notice of Entry of Default of Charles Mady and Affidavit in Support of Default, Docket Number 47, United States District Court, Eastern District of Michigan; Plaintiff's Exhibit 3, Affidavit of Gerald and Alice Hall, Dock-

et Number 49, p. 3; Plaintiff's Exhibit 3, Memorandum Opinion and Order of United States District Judge Stewart A. Newblatt, Docket Number 50, Memorandum Opinion and Order Granting Plaintiff's Motion for Default Judgment and Denying Mady's Motion to Set Aside Default, p. 2. ("it is clear that [Mady] has never answered the complaint in this matter"); Plaintiff's Exhibit 3, Judgment of United States District Judge Stewart A. Newblatt, Docket Number 60, Judgment in Case Number 86–CV–40169–FL, p. 2. *See* generally, Plaintiff's Exhibits 1–13. Documents provided in the "record" submitted by the Halls of actions by Franchise Marketing, Inc. and Mady to remove the prior proceeding to federal court, actions taken by Mady to overturn the default judgment, actions by the Halls to have a receiver appointed to collect their judgment, and actions taken by Franchise Marketing, Inc. in filing for bankruptcy are irrelevant to the issue of whether Mady's purportedly fraudulent conduct was actually litigated in the District Court. Counsel for Mady aptly states that the Halls "have obviously confused actual litigation with a paper blizzard". *See* Defendant's Opposition to Plaintiff's Motion For Summary Judgment, p. 11, para. 2.

■ Lastly, the Court will not grant the Halls motion for summary judgment because genuine issues of material fact exist as to whether Mady made false representations to the Halls or provided the Halls with a materially false statement in writing concerning FMI's financial condition. Additionally, a genuine issue of material fact exists as to whether the Halls reasonably relied on the alleged misrepresentations. The Court has examined the voluminous record of prior proceedings provided by the Halls. The depositions of Kirk Holdcroft and Charles Mady, taken in the District Court Proceeding, raise genuine issues of material fact with regard to whether Mady made false representations to the Halls or provided the Halls with a materially false statement in writing concerning FMI's financial condition. *See* Plaintiff's Exhibit 7, Deposition of Kirk Holdcroft, p. 18–50; Plaintiff's Exhibit 8, Deposition of Charles Mady, p. 6–32. Further a letter by the Hall's former business consultant, Steven Smith, to the Halls raises a genuine issue of material fact as to whether the Halls reasonably relied on the alleged misrepresentations. *See* Plaintiff's Exhibit 3, District Court Docket Number 15, Plaintiff's Answers to Defendants' Initial Interrogatories, Exhibit 44, p. 1–4.

### CONCLUSION

Mady is not collaterally estopped from litigating the issues of his alleged fraudulent conduct under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(2)(B) because of the default judgment in the District Court proceeding. Additionally, genuine issues of material fact exist as to whether Mady's debt to the Halls is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(2)(B). In light of the foregoing, it is therefore

ORDERED that the motion for summary judgment of Gerald Hall, Alice Hall, Gamda Corporation and Reap Corporation be, and hereby is, denied. It is further

ORDERED that a pretrial conference be held on October 21, 1993 at 11:30 o'clock a.m., Courtroom No. 1, Room 103, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.