**In re Jerry WAUGH.**

**Jerry WAUGH, Plaintiff,**

v.

**Reuben ELDRIDGE and Sandra Eldridge, Defendants.**

**Bankruptcy No. 93–10037S.**
**Adv. No. 93–1017.**

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

March 22, 1994.

Jeffrey Hance, Batesville, AR, for debtor/plaintiff.

Donna Wolfe, Little Rock, AR, for defendants.

### *ORDER*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the following motions:

1. The plaintiff's Motion for Summary Judgment, filed on January 12, 1994, to which the defendants responded on February 8, 1994. The plaintiff filed a reply on March 9, 1994.

2. The Motion to Amend Pleadings, filed on February 8, 1994, to which the debtor responded on March 9, 1994.

3. The Motion to Abstain from Exercising Jurisdiction and to Dismiss Case, filed on February 8, 1994, to which the debtor responded on March 9, 1994.

The defendants, Reuben and Sandra Eldridge, obtained a personal injury tort judgment against Rising Fast Rentals, a corporation of which the debtor is a shareholder. In April 1993, subsequent to obtaining judgment against Rising Fast Rentals, the Eldridges filed another state court suit against Rising Fast Rentals, the debtor, and numerous related entities, to avoid transfers of property made by the corporation, to assert personal liability against the debtor, and for imposition of a constructive trust.

In February 1993, Jerry Waugh filed his voluntary Chapter 7 petition in bankruptcy. No objections to discharge or dischargeability were filed within the time limits of the Federal Rules of Bankruptcy Procedure, whereupon the debtor's discharge was entered, on July 7, 1993. This adversary proceeding was filed by the debtor requesting that the Court determine that the claim, asserted in the state court suit against the debtor, was discharged in this bankruptcy case.

The Eldridges timely answered the complaint, alleging that the debt is nondischargeable pursuant to section 523(a) inasmuch as the Eldridges did not receive notice of the bankruptcy proceeding in sufficient time to file a complaint to object to the dischargeability of the debt or discharge of the debtor. *See* 11 U.S.C. § 523(a)(3). The Eldridges further assert that any debt owed by the debtor to the Eldridges is nondischargeable under section 523(a)(6). Specifically, the Eldridges allege that the debtor used his corporations, maliciously and wilfully, to prevent them from obtaining any satisfaction of their judgment against the corporation.

### *The Motion for Summary Judgment*

The Court has reviewed the motion, the response, the reply, and the evidence submitted by the parties. Upon due consideration of the documents, the Court believes that there are issues of material fact with regard to paragraphs (3) and (6) of section 523(a). Accordingly, the motion for summary judgment will be denied with regard to these two provisions of the Bankruptcy Code. Inasmuch as the defendants have presented no argument or evidence regarding the remaining paragraphs of section 523(a), the motion for summary judgment will be granted with respect to those provisions.

The Court rejects the defendants' notion that section 105 permits denial of dischargeability of the debt on equitable grounds. The grounds for denying dischargeability of a debt are found solely in section 523(a). This Court has no authority to expand the Bankruptcy Code beyond the language of the statute. *See Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

### *The Motion to Abstain*

The Eldridges invoke both the mandatory and discretionary provisions of 28 U.S.C. § 1334(c) in their motion to abstain.[1] The

---

1. Section 1334 provides in pertinent part:
    28 U.S.C. § 1334. Bankruptcy case and proceedings.

    (a) Except as provided in subsection (b) of this section, the district courts shall have origi-

Eldridges argue that since a determination of liability must necessarily be made before a determination of dischargeability, and since the ·state court has concurrent jurisdiction to decide section 523(a)(3) issues, that grounds exist for abstention. The motion must be denied inasmuch as it is untimely and based upon incorrect premises.

■ *Mandatory Abstention.* Mandatory abstention is not warranted in this case because the motion is not timely made, as required by the statute. Although the motion to reopen the case was filed in August 1993, and the complaint filed in October 1993, the motion to abstain was not filed for nearly four months after the complaint. This lengthy delay, combined with the lack of any evidence that the motion could not have been filed earlier, renders the motion untimely such that it must be denied. *Cf. In re Bowen, Inc.,* 150 B.R. 777 (Bankr.D.Idaho) (timely where filed within 7 days of removal); *In re Indian Creek Route, Inc.,* 144 B.R. 561 (Bankr.S.D.Fla.1992) (timely where motion filed within 20 days of service of complaint); *Davis v. Mahlmann (In re Mahlmann),* 149 B.R. 866 (N.D.Ill.1993) (motion for withdrawal of reference filed one month after complaint untimely); *United States v. Kaplan,* 146 B.R. 500 (D.Mass.1992) (motion for withdrawal of reference filed five months after complaint untimely).

■ Secondly, mandatory abstention is not implicated because the complaint raises issues "arising under title 11." That is, the complaint, which requests a determination of dischargeability states a cause of action created by title 11. Since the mandatory abstention provision applies only in cases mere-

ly "related to a case under title 11 *but not* arising under title 11 or arising in a case under title 11," 28 U.S.C. § 1334(c)(2) (emphasis added), mandatory abstention is not warranted.

■ *Discretionary Abstention.* A court may abstain from hearing a proceeding arising under title 11 or arising in or related to a case under title 11, in the interest of justice, or in the interest of comity with state courts or respect for state law. 28 U.S.C. § 1334(c)(1). While there do exist state law issues in this case, the issues before this Court are not as broad as the Eldridges suggest. Moreover, while the state court does have concurrent jurisdiction to determine issues under section 523(a)(3), the state court does not have jurisdiction to determine the section 523(a)(6) issue raised by the Eldridges. *See Richards v. Richards,* 131 B.R. 76, 78 (Bankr.S.D.Ohio 1991); *In re Holt,* 102 B.R. 116 (S.D.Ohio 1989). Since the Eldridges have raised issues which cannot be determined by the state court, discretionary abstention is inappropriate.

■ The assertion that a determination of liability must precede a determination of dischargeability is incorrect. While a determination of dischargeability may have some collateral estoppel effect upon certain issues in the state court case, there is no requirement that a determination of liability be made prior to determining the dischargeability of a debt.

Inasmuch as the motion to amend pleading raises essentially the same grounds as the

nal and exclusive jurisdiction of all cases under title 11.
(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall ab-

stain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain or not abstain made under this subsection is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.
28 U.S.C. § 1334(a), (c).

motion for abstention, the motion to amend pleadings will also be denied.

**ORDERED** as follows:

1. The Motion for Summary Judgment, filed on January 12, 1994, is GRANTED IN PART AND DENIED IN PART. The Motion is denied with respect to paragraphs (3) and (6) of section 523(a), and granted as to all other paragraphs of section 523(a).

2. The Motion to Amend Pleadings, filed on February 8, 1994, is DENIED.

3. The Motion to Abstain from Exercising Jurisdiction and to Dismiss Case, filed on February 8, 1994, is **DENIED.**

**IT IS SO ORDERED.**