**In re Charles Thomas DAVIS and Sonya Gail Thomas.**

**Eugene L. DUNN, Plaintiff,**

**v.**

**Charles Thomas DAVIS, Defendant.**

**Bankruptcy No. 93–16401S.**
**Adv. No. 94–6503.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

May 11, 1994.

Frances Morris Finley, Hot Springs, AR, for plaintiff.

Byron Rhodes, Hot Springs, AR, for debtor.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Motion for Summary Judgment, with supporting brief, filed on March 30, 1994, to which the defendant responded on April 14, 1994. The plaintiff filed a reply on April 28, 1994, whereupon the matter was under submission.

The plaintiff seeks to have a debt held nondischargeable, pursuant to Bankruptcy Code section 523(a)(6), on the grounds that the debtor defendant wilfully and maliciously destroyed plaintiff's chattel animals. The motion for summary judgment requests that this Court apply the doctrine of collateral estoppel inasmuch as a state court previously entered a default judgment, after hearing, expressly finding that the debtor wilfully and maliciously performed the acts described in both the state court and bankruptcy court complaints. The debtor admits that a default judgment was entered, but generally denies that he performed the complained of acts. The debtor's response merely asserts that summary judgment is an extreme remedy not favored by the Courts.[1]

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(I).

■ The following facts are undisputed. On November 16, 1992, a criminal information was filed, accusing the debtor of receiving or retaining a fourteen-point buck deer belonging to the plaintiff.[2] Debtor was convicted by a jury on April 7, 1993.[3] On May

---

1. The Supreme Court states otherwise: "[S]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

2. Although not a conclusive fact for purposes of this motion, the probable cause affidavit indicates that the defendant admitted killing the

deer. He stored the meat at his father's residence and had the head mounted. The schedules list debtor's occupation as "meat cutter."

3. There is insufficient evidence in the motions before the Court to know what information was placed before the jury or what specific facts it was instructed to decide. Accordingly, for purposes of this motion, the criminal charge and subsequent conviction do not provide sufficient information to support the application of the doctrine of collateral estoppel.

14, 1993, the plaintiff filed a complaint in the state Circuit Court seeking damages against debtor for killing pet deer. The complaint stated in pertinent part:

### IV.

On or about the 2nd day of November, 1992, the Defendant came upon the property of the Plaintiff and forcibly entered the fenced-in area where Plaintiff's deer were being kept. Sometime subsequent to the unlawful trespass, one deer was evidently killed inside the pen by the Defendant and removed. In addition, Defendant killed another of the deer just outside the pen and left it for dead. The rest of the deer escaped and have either been lawfully killed by hunters or are living at large in the woods. . . . At present, seven deer are either dead or lost. They have an estimated value of approximately $16,000.00.

### V.

The acts of the Defendant described in paragraph IV. of this complaint were done willfully, maliciously, outrageously, deliberately, and purposely. . . .

Complaint at 2, *Dunn v. Davis*, No. Civ. 93–354 (Cir.Ct.Ark. May 14, 1993). The debtor did not contest the complaint and a default judgment as to liability was entered on July 9, 1993. Trial was held on August 23, 1993, on the damages. Again, debtor did not appear to contest the issues before the Court. Based upon the evidence heard at the August 23, 1993, hearing, a default judgment was entered on September 1, 1993, which stated:

> That the Court further deems that Defendant is deemed to have taken the property of the Plaintiff willfully, intentionally and maliciously.

*Dunn v. Davis*, No. Civ. 93–354, slip op. at 1 (Cir.Ct.Ark. Sept. 1, 1993). Compensatory damages in the amount of $16,500, punitive damages in the amount of $5,000, interest, and costs were awarded in favor of plaintiff and against the debtor.

Debtor, together with his wife, filed a voluntary Chapter 7 proceeding in bankruptcy on October 6, 1993. The complaint in this timely filed adversary proceeding requesting that the judgment debt in the amount of $21,500 plus interest and costs, be determined nondischargeable pursuant to Bankruptcy Code section 523(a)(6).[4]

■ It is well-settled that collateral estoppel principles apply in dischargeability proceedings before the bankruptcy court. *See Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re Speight,* 16 F.3d 287 (8th Cir.1994); *Johnson v. Miera (In re Miera),* 926 F.2d 741 (8th Cir.1991). In the instant case, there is a specific finding by the state court that the debtor's actions were wilful and malicious. Since the state court judgment is based upon the same factual issue to be decided in this dischargeability proceeding, the state court finding is, in the normal course, entitled to collateral estoppel effect. *See Speight,* 16 F.3d 287.

■ The question for this Court is whether collateral estoppel principles apply where the judgment was obtained by default. In determining whether collateral estoppel applies to a default judgment, it is necessary to look to the state rules of decision regarding the doctrine. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985).

The law in Arkansas regarding this issue is clear and consistent. For collateral estoppel purposes, a "judgment by default is just as binding and enforceable as judgment entered after a trial on the merits." *Reyes v. Jackson,* 43 Ark.App. 142, 861 S.W.2d 554, 555 (1993). *Accord Arnold & Arnold v. Williams,* 315 Ark. 632, 870 S.W.2d 365, 369 (1994) (applying *res judicata* to default judgment); *Davidson v. Hartsfield,* 250 Ark. 1072, 468 S.W.2d 774, 779 (1971); *Murry v. Mason,* 42 Ark.App. 48, 852 S.W.2d 830 (1993); *Williams v. Connecticut General Life Ins. Co.,* 26 Ark.App. 59, 759 S.W.2d 815 (1988) (applying *res judicata* to default judg-

---

**4.** The Bankruptcy Code provides that:
A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.
11 U.S.C. § 523(a)(6).

ment); *Meisch v. Brady*, 270 Ark. 652, 657, 606 S.W.2d 112, 114 (1980). The fact that the debtor chose not to appear at the hearing does not, in any manner, preclude the collateral estoppel effect of this state court determination. The policies underlying the concept of collateral estoppel require, in general, that a judgment, by default or after full defense, be given full faith and credit by this Court. *See Kapp v. Naturelle, Inc.*, 611 F.2d 703, 710 (8th Cir.1979) ("Kapp has neither adequately pleaded nor adequately proved that the state court default judgments were tainted with fraud. The state court [default] judgments finally adjudicated Kapp's liability ... and the doctrines of *res judicata* and full faith and credit required the bankruptcy court to honor those judgments and to allow the claims.").

■ The policies of the Bankruptcy Code and the burdens apportioned in dischargeability proceedings do not require a different rule. The bankruptcy courts which have struggled with this concept have focused primarily upon the "actually litigated" elements of the collateral estoppel doctrine.[5] "Actually litigated" means that the particular fact or matter was distinctly put in issue and directly determined, *Brooks v. Arkansas–Louisiana Pipe Line Co.*, 77 F.2d 965 (8th Cir.1935); *Pulaski County v. Hill*, 97 Ark. 450, 134 S.W. 973 (1911); *Arkansas Dept. of Human Services v. Dearman*, 40 Ark.App. 63, 842 S.W.2d 449 (1992).

■ "Actually litigated" has been misinterpreted by courts which have incorrectly concluded that the debtor must have been necessarily present at the state court proceedings and conducting a defense on his behalf, in the sense of filing pleadings and/or appearing in Court. *See, e.g., Hall v. Mady* (*In re Mady*), 159 B.R. 487 (Bankr.N.D.Ohio 1993); *Nourbakhsh v. Gayden* (*In re Nourbakhsh*), 162 B.R. 841 (9th Cir. BAP 1994) (Russell, J., dissenting). Were that the law, a default judgment would never have collateral estoppel effect in any court. That,

clearly, is not the law in any jurisdiction, *see Morris v. Jones*, 329 U.S. 545, 550–51, 67 S.Ct. 451, 455–56, 91 L.Ed. 488 (1947), and goes beyond what is meant by the term "actually litigated." The term "actually" does not mean that the debtor was actually present and litigating, but rather, indicates that the matter was directly placed in issue, as distinguished from the *res judicata* requirement that a particular matter *might* have been litigated in the previous action. *Lovell v. Mixon*, 719 F.2d 1373 (8th Cir. 1983); *Sides v. Haynes*, 181 F.Supp. 889, 894–95 (W.D.Ark.1960). *See generally, Rally Hill Productions, Inc. v. Bursack* (*In re Bursack*), 163 B.R. 302, 306 (Bankr.M.D.Tenn. 1994) (cogent discussion of "actually litigated").

The ground asserted in some cases, that since only the bankruptcy court may determine the dischargeability of certain debts, collateral estoppel should not apply to default judgments, is likewise flawed. *See, e.g., Hall v. Mady* (*In re Mady*), 159 B.R. 487 (Bankr. N.D.Ohio 1993). Were this logic to apply, collateral estoppel could never be applied in a section 523(a)(2), (4), or (6) dischargeability proceeding, whether the judgment were obtained by default or after a full trial defense by the debtor. This precept was expressly rejected by the Supreme Court in *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), which expressly held that collateral estoppel applies in dischargeability proceedings. *See generally Rally Hill Productions, Inc. v. Bursack* (*In re Bursack*), 163 B.R. 302 (Bankr.M.D.Tenn.1994). Thus, collateral estoppel may apply in bankruptcy court, as it does in all other federal courts, to preclude dischargeability of a debt.

■ There is no question that the issue of whether the debtor acted wilfully and maliciously was directly before the state court. This Court has before it the state court complaint, which makes the factual allegations, and the state court judgment, the findings of which not only mirror the complaint,

---

5. In order to apply collateral estoppel, four elements must be present: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been "actually litigated" in the prior action; (3) the

issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment. *Miera*, 926 F.2d at 743 (8th Cir.1991).

but expressly find that the debtor acted wilfully and maliciously. The specific findings in the judgment, together with the complaint, present sufficient evidence for purposes of the single issue of whether the debtor acted wilfully and maliciously. *See Laughter v. Speight,* (*In re Speight*), 167 B.R. 891 (W.D.Ark.1993) (plaintiff introduced judgment as proof of breach of fiduciary duty for section 523(a)(4) cause of action), *aff'd,* 16 F.3d 287 (8th Cir.1994). Further, the judgment was entered after trial on the damages issue, which, under Arkansas law, necessarily required proof of malice. Under Arkansas law, wilfulness and malice are necessary facts to be decided in awarding punitive damages. *Cassady v. United Insurance Co. of America,* 370 F.Supp. 388, 398 (W.D.Ark.1974); *Orsini v. Larry Moyer Trucking, Inc.,* 310 Ark. 179, 833 S.W.2d 366, 368 (1992).

Thus, for collateral estoppel purposes, there has been a finding on the merits, by a court of competent jurisdiction, that the debtor wilfully and maliciously caused damage to the plaintiff, Eugene L. Dunn. The issue was actually litigated inasmuch as the issues of wilfulness and malice were directly placed in litigation, not only on the liability portion of the judgment, but also litigated as a necessary and essential determination for purposes of an award of punitive damages. Debtor admits that the findings, as well as a final judgment exist. There is no evidence that the judgment was, in any manner, obtained by fraud. Inasmuch as a court of competent jurisdiction determined that the debtor wilfully and maliciously injured property of the plaintiff, the state court determination is entitled to collateral estoppel effect in this nondischargeability proceeding relating to that injured property. Since it has already been held that the debtor acted wilfully and maliciously with regard to the subject debt, the debt is nondischargeable pursuant to Bankruptcy Code section 523(a)(6). Judgment will be entered in favor of the plaintiff.

▮ The amount of nondischargeable debt includes not only actual damages, but also punitive damages, *Miera,* 926 F.2d at 745 ("The language of section 523(a)(6) is directed at the nature of the conduct which gives rise to the debt, rather than the nature of the debt."). Accordingly, the entire amount of debt reflected in the judgment, in the amount of $21,500 plus interest and costs, is nondischargeable in this bankruptcy proceeding.

**ORDERED** that the Plaintiff's Motion for Summary Judgment, filed on March 30, 1994, is GRANTED.

**IT IS SO ORDERED.**