**In re Judy K. PARRIMAN, Debtor.**

**James E. STONE, Plaintiff,**

v.

**Judy K. PARRIMAN, Defendant.**

Bankruptcy No. 95–60191.
Adv. No. 95–6020.

United States Bankruptcy Court,
E.D. Kentucky,
Corbin Division.

Dec. 19, 1995.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the plaintiff's Motion for Summary Judgment, filed herein on September 27, 1995. The defendant filed a Response on October 4, 1995. The plaintiff seeks to have a judgment debt declared nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (a)(6). This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

The plaintiff commenced this matter by the filing of his Complaint on June 26, 1995. The defendant filed her Answer on July 28, 1995. The Motion for Summary Judgment and Response were then filed as set out above. An Agreed Order entered on October 20, 1995, submitted the Motion for Summary Judgment for decision by the Court without a hearing.

The plaintiff has filed a copy of the record of the state court proceeding wherein it may be seen that he obtained a judgment against the defendant in the Warren County (Ohio) Court of Common Pleas in Case No. 92–CV–50362 in regard to a decision entered on March 13, 1994. The judgment against the defendant was in the amount of $24,-000.00, plus attorney's fees, as a result of misrepresentations made by the defendant in the sale of a business to the plaintiff. By a decision entered on June 7, 1994, the plaintiff was awarded a judgment against the defendant for attorney's fees in the amount of $8,000.00. A total judgment against the defendant in the amount of $32,000.00 was awarded by virtue of a Judgment Entry filed on June 10, 1994. The record does not indicate that the judgment was appealed. The debtor filed her Chapter 7 petition in this Court on April 5, 1995.

The plaintiff's Motion for Summary Judgment is directed to the question of the dischargeability of the defendant's debt to him. The plaintiff contends therein that the debt arose from what an Ohio state court found was fraud on the defendant's part, i.e., deliberate misrepresentations concerning the

Marcia A. Smith, Corbin, Kentucky, for plaintiff.

Willis Cunnagin, London, Kentucky, for debtor/defendant.

business she sold to him. The plaintiff further contends that the defendant is barred by the doctrines of res judicata and collateral estoppel from relitigating this issue. As stated in FRCP 56(c), a movant is entitled to summary judgment when

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In order for the plaintiff to be awarded summary judgment herein, this Court must find that the Ohio state court judgment has preclusive, or collateral estoppel, effect in the dischargeability proceeding.

 Since this matter involves a dischargeability question which is solely the province of the bankruptcy court, res judicata does not apply. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Collateral estoppel may be employed in cases involving dischargeability questions, however, if the precise issue was raised in the prior proceeding between the same parties or parties in privity with them, if it was actually litigated, and if its determination was necessary to the outcome in state court. *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981). *See also In the Matter of McMillan,* 579 F.2d 289 (3rd Cir.1978), *In re Mady,* 159 B.R. 487 (Bkrtcy.N.D.Ohio 1993) and *In re Hale,* 155 B.R. 730 (Bkrtcy.S.D.Ohio 1993).

The precise issue to be decided as concerns dischargeability is whether the defendant's conduct brought her within the purview of 11 U.S.C. § 523(a)(2)(A). That subsection provides that an individual debtor's debt incurred

> for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

will not be discharged in bankruptcy. As stated in *In re McLaren,* 3 F.3d 958 (6th Cir.1993):

It is well established that in order to except a debt from discharge under section 523(A)(2)

> 'the creditor must prove that the debtor obtained money through a material misrepresentation that at the time the debtor knew was false or made with gross recklessness as to its truth. The creditor must also prove the debtor's intent to deceive. Moreover, the creditor must prove that it reasonably relied on the false representation and that its reliance was the proximate cause of the loss.'

*Atassi v. McLaren (In re McLaren),* 990 F.2d 850, 852 (6th Cir.1993) (quoting *Coman v. Phillips (In re Phillips),* 804 F.2d 930, 932 (6th Cir.1986). Additionally, the proper burden upon [the creditor] ' "... was to show proof of ... fraud by a preponderance of the evidence only." ' *Id.,* 990 F.2d at 853 (citing *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) ...).

At page 961. As concerns the reliance requirement, the Supreme Court has recently ruled in *Field v. Mans,* —— U.S. ——, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995), that the standard for excepting a debt from discharge as a fraudulent misrepresentation within the meaning of § 523(a)(2)(A) is not reasonable reliance but the less demanding one of justifiable reliance on the representation.

In order for the first requirement for the application of collateral estoppel to be met, it must be clear that the issue of whether the defendant herein incurred the debt to the plaintiff herein by means of a false representation was raised in the state court proceeding. The certified copy of the state court proceeding filed by the plaintiff shows that he filed a Complaint alleging that the defendant made various misrepresentations to him in regard to the sale of a sales route business. The plaintiff did not cite any Ohio state statute, but did allege that the defendant was "in violation of Ohio franchise law."

The record of the state court case does not contain a transcript of testimony at trial, nor are there copies of depositions that may have been taken in connection with the trial. The record consists of pleadings, briefs, judg-

ments, and other documentary evidence. In his trial brief, the plaintiff argued that the defendant made fraudulent misrepresentations to him as to material facts, with the intent to mislead him, upon which he justifiably relied to his damage, and that he was entitled to recission and damages, including attorney's fees. He based his claim on common law fraudulent misrepresentation cases, as well as on Ohio Revised Code Chapter 1334, Business Opportunity Plans, §§ 1334.01–1334.15, and especially § 1334.03(B), which prohibits the making of any false or misleading statement. The defendant argued in her brief that the plaintiff had not proven the elements of fraud and that ORC Chapter 1334 was not applicable.

The court's decision, entered on March 13, 1994, found that the defendant had made material, intentional misrepresentations as to two elements of the business, and that these misrepresentations were violations of Chapter 1334. While counsel for both parties brought up the issue of reasonable reliance in their briefs concerning common law fraud, the case was not decided on the basis of common law fraud, but rather pursuant to ORC Chapter 1334. If it had been, the plaintiff would · have had to prove the elements of common law fraud in Ohio, including justifiable reliance, as set out in Justice Souter's opinion in *Field v. Mans, supra.* The record does not demonstrate that reliance is an element that was proven or considered by the trial court. Therefore, an element of fraud required under § 523(a)(2)(A) has not been shown to have been considered by the trial court and the doctrine of collateral estoppel cannot be applied.

This Court is therefore of the opinion that the plaintiff's Motion for Summary Judgment should be overruled. An order in conformity with this opinion will be entered separately.